UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 15-102 |
| DAMIEN WILSON | SECTION: "J" |

### ORDER AND REASONS

Before the Court is a *Motion for Post-Conviction Relief under 28 U.S.C. § 2255* **(Rec. Doc. 76)** filed by Petitioner, Damien Wilson. The government filed an opposition thereto (Rec. Doc. 78), and Petitioner filed a reply (Rec. Doc. 79). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On February 4, 2016, pursuant to a plea agreement, Petitioner pleaded guilty to conspiring to distribute and to possess with the intent to distribute a kilogram or more of heroin. (Rec. Docs. 38, 40, and 41). As part of the plea agreement, two distribution counts were dismissed, and Petitioner was not charged with possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). The firearm charge that the government agreed to forego was based on a gun found in a hidden compartment in Petitioner's truck. (Rec. Docs. 40, at pp. 1-2 and 41, at p. 4).

The pre-sentencing report suggested that Petitioner receive a two-point enhancement for his possession of the hidden firearm under USSG § 2D1.1(b)(1). (Rec. Doc. 43, at p. 11). The resulting guideline range was 135 to 168 months;

however, this was adjusted up to 240 months because the statutorily required minimum sentence was 20 years, which was higher than the maximum of that guideline range. (*Id.* at p. 19). On October 13, 2016, the Court ultimately sentenced Petitioner to 168 months of imprisonment. (Rec. Doc. 71).

On August 5, 2020, the Court received Petitioner's 28 U.S.C. § 2255 motion, almost four years after his judgment of conviction became final. In his motion, Petitioner contends that the two-point firearm enhancement of his sentence was made retroactively improper by the Supreme Court's decision in *Rehaif v. United States*.

## LEGAL STANDARD

28 U.S.C. § 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction.")

## DISCUSSION

### I. Petitioner's Claims are Untimely

All § 2255 petitions must be filed within one year of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the governmental impediment to making a motion in violation of the Constitution or laws of the United States is removed; (3) the date on which the newly-recognized right asserted was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. § 2255(f)

In the instant case, Petitioner filed his § 2255 motion in August 2020, which was approximately four years after his judgment of conviction became final. (Rec. Docs. 113 and 118); *see United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) ("When a petitioner does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires."). Accordingly, Petitioner fails to meet the first timeliness prong.

The second prong is also not satisfied. For the first year after Petitioner's conviction became final, there was no impediment created by government action that prevented Petitioner from filing a motion under § 2255. The types of impediments contemplated include prisons restricting prisoners' access to law libraries, legal assistance, or legal materials. *See United States v. Saenz-Lopez*, 361 F. Appx. 593, 595 (5th Cir. 2010); *Salazar-Rodriguez v. United States*, No. 13-172, 2015 WL 12672325, at *4 (S.D. Tex. Aug. 5, 2015). Plaintiff does not allege any such restriction occurred during the first year that he had been convicted. Plaintiff does allege that

he was impeded from accessing legal resources between when *Rehaif* was decided in 2019 and the filing of his § 2255 motion due to COVID-19 restrictions. However, since Plaintiff's reliance on *Rehaif* is misplaced, as discussed below, this argument is irrelevant.

Regarding the third prong of 28 U.S.C. § 2255(f), Petitioner argues that the Supreme Court's decision in *Rehaif* should retroactively apply to his case. (Rec. Doc. 433 at 1). However, the third prong requires that the Supreme Court both recognize a new right and make that right applicable to cases on collateral review. Although the Fifth Circuit has not considered this issue, no language in *Rehaif* suggests that the decision was applicable to cases on collateral review. 130 S. Ct. 2191 (2019). Further, this Court has previously held that the Supreme Court did not make *Rehaif* retroactive to cases on collateral review. *United States v. Eugene*, No. CR 09-046, 2020 WL 587983, at *5 (E.D. La. Feb. 6, 2020) (Feldman, J.) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)).

Even if *Rehaif* was retroactive, Petitioner cites *Rehaif* for an erroneous proposition. Petitioner correctly asserts that *Rehaif* requires two prongs for the knowledge element of firearm possession charges. The first "conduct" knowledge prong requires that a defendant knowingly possessed a firearm, and the second "status" knowledge prong requires that a defendant knew he had a status that prohibited him from owning a firearm, such as being a felon. *Rehaif*, 139 S. Ct. 2191, 2194 (2019). However, before *Rehaif*, every circuit court that had addressed the issue "required the United States to prove that a defendant knowingly possessed a firearm

but not that the defendant knew he or she was a felon." *United States v. Staggers*, 961 F.3d 745, 754 (5th Cir. 2020) (internal citations omitted). Therefore, *Rehaif* only added the "status" knowledge prong, not the "conduct" knowledge prong.

Petitioner explicitly and exclusively argues that he should be released because *Rehaif* created the "conduct" knowledge prong after he was sentenced. (Rec. Doc. 79, at pp. 2-3). As stated above, federal courts applied the "conduct" knowledge prong long before the Supreme Court decided *Rehaif*. Accordingly, since Plaintiff failed to argue that a new source of a right applies to his case or that any such right applies retroactively to his case, Plaintiff has failed to satisfy the third timing prong.

The fourth timing prong allows a petitioner to seek relief within one year of the time the facts presented in the application could have been discovered through due diligence. In the instant case, the facts supporting Petitioner's claim could have been discovered through the exercise of due diligence within one year of the date his conviction became final. Because Petitioner failed to seek relief within one year of that date, the fourth prong is not satisfied, and Petitioner's application is untimely.

Based on the foregoing, the Court finds that Petitioner fails to satisfy any of the prongs enumerated by 28 U.S.C. § 2255(f), and his application for relief is, therefore, untimely.

### II. Petitioner Waived his Right to Challenge his Sentence in the Plea Agreement

Petitioner asserts that his sentence was incorrectly enhanced. (Rec. Doc. 76, at p. 1). However, even if Petitioner's claims had been made timely, they would be barred

by the collateral review waiver contained in his plea agreement. The waiver in question provides in pertinent part:

> [T]he defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily … [w]aives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Section 2255.

(Rec. Doc. 40, at p. 3). "[A] defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary." *United States v. Potter*, No. 13-141, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015) (Feldman, J.). "A defendant knowingly and voluntarily enters a waiver when the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." *Id.* (citing *United States v. Ruiz*, 536 U.S. 622, 630 (2002)) (internal quotations omitted). "When the petition does not allege, and the record contains no indication that ratification of the plea agreement was not 'voluntary' or knowledgeable, the Court will hold the defendant to the bargain that he made—the Court need not presume that the waiver ineffective." *Id.*; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

In the instant case, Petitioner entered a plea agreement whereby he agreed to plead guilty in exchange for the Government dismissing two distribution counts and not charging Petitioner with possessing a firearm in furtherance of a drug trafficking

crime under 18 U.S.C. § 924(c). Petitioner alleges that his attorney did not inform him of the elements that the government needed to prove to charge him with possessing a firearm in furtherance of a drug trafficking crime.

To prevail on his claim of ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). A voluntary guilty plea waives all claims for ineffective assistance of counsel "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *U.S. v. Ginsey*, 209 F.3d 386, 392 (5th. Cir. 2000). Thus, to ultimately succeed on an ineffective assistance claim, the petitioner "must show that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Assuming as true Petitioner's allegation that his attorney did not inform him of the elements of possessing a firearm in furtherance of a drug trafficking crime, such failure would fall below an objective standard of reasonableness; however, Petitioner would not have been prejudiced by such failure because he did not plead guilty to that crime. *See id.* Therefore, construing Petitioner's pro se § 2255 motion liberally, the Court finds that Petitioner is not entitled to relief regarding his claim of ineffective assistance of counsel because he has not shown actual prejudice. Thus,

Petitioner's § 2255 motion is barred by the collateral review waiver contained in his plea agreement.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Damien Wilson's *Motion for Post-Conviction Relief under 28 U.S.C. § 2255* **(Rec. Doc. 76)** is **DENIED.**

New Orleans, Louisiana, this 9th day of October, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE